UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ERIC J. RAHA

ANDREA J. RAHA

Debtors.

Case No. 20-03378-jtg

Chapter 7

HON. JOHN T. GREGG

_______________/

MATTHEW SLAGLE

Plaintiff,

Adversary Proceeding No.

v

ERIC J. RAHA

Defendant

_______________/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS PURSUANT TO § 523(a)(4)**

NOW COMES Plaintiff, Matthew Slagle, by and through his attorneys Baar & Lichterman, PLLC, and for his Complaint to Determine Dischargeability of Indebtedness:

1. This adversary proceeding is brought pursuant to § 523(a)(4) of the Bankruptcy Code in connection with Defendant Eric J. Raha's pending Chapter 7 bankruptcy case, Case No. 20-03378-jtg.
2. This court has jurisdiction over and venue of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.
3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157.
4. Plaintiff Matthew Slagle ("Slagle") is a resident of Muskegon County, Michigan.

5. Defendant Eric J. Raha ("Defendant") is, upon information and belief, a resident of Muskegon County, Michigan, and one of the debtors in the underlying bankruptcy case.
6. Defendant is the sole member of Raha Builders, LLC ("RB, LLC"), a Michigan limited liability company involving in residential home construction.
7. Defendant had control of the financial activities of RB, LLC.
8. On or about February 15, 2019, Slagle and RB, LLC entered into a contract for the construction of a new home in the Fruitport, Michigan area ("the Slagle contract").
9. The total construction price for the Slagle contact was to be $507,000.00.
10. The Slagle contract was signed by Defendant, on behalf of RB, LLC, as "Sole Managing Member & Chief Executive Officer".
11. On June 2, 2020, Defendant provided Slagle an "Unpaid Bills" report, admitting that he had failed to pay at least $50,096.18 in unpaid invoices, despite receiving funds from Slagle pursuant to Sworn Statements.
12. At that time, Defendant stated to Slagle that he knew that there he had violated the law, that he would have to pay for it for the rest of his life, and further acknowledged that his failure to pay certain subcontractors / suppliers, from the proceeds paid by Slagle, was a crime.
13. At that time, there was a balance of $93,511.17 left in the budget to finish the Slagle contract.
14. The amount outstanding totalled $143,607.35.
15. At that time, Chemical Bank froze a bank draw in the amount of $23,175.42.
16. As a result, there was a total of $120,431.93 taken by RB, LLC and not first applied to the subcontractors and suppliers on the Slagle home.

17. The Michigan Builders Trust Fund Act[1] ("MBTFA"), MCLA 570.151 et seq., provides as follows:

> MCL 570.151 In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.
>
> MCL 570.152 Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of a felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so defrauded, and, upon conviction, shall be punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.
>
> MCL 570.153 The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud.

18. In short, the MBTFA imposes a statutory trust on funds paid to contractors for products and services provided under construction contracts.

19. The MBTFA mandates that the trustee-recipient of the funds use them for the required purposes to first pay downstream laborers, material providers, or subcontractors, before the funds are used for any other purpose such as payment to the general contractor.

20. Slagle is a party intended to be protected under the MBTFA.

21. Defendant received payment from Slagle or Slagle's designee / bank.

22. Under the MBTFA, the funds received by Defendant were held in trust for the benefit of the Owner (Slagle), subcontractors and suppliers.

---

[1] The MBTFA is a criminal statute that is officially known as the "Michigan Building Contract Fund Act" but has, over the course of time, has become known as the MBTFA.

23. Contrary to the express provisions of the trust, Defendant, with the intent to defraud, did personally retain such funds and/or cause RB, LLC to expend the proceeds of such funds, or a better part thereof, for purposes other than which they were intended.
24. As a trustee, Defendant was required to protect Slagle and had a duty to pay proper parties out of any and all sums received on the above-mentioned projects, before paying RB, LLC any sums of money – and before using any of the funds for himself.
25. Defendant breached his fiduciary duty by failing to protect Slagle and by failing to pay the appropriate subcontractors and suppliers, despite receiving funds pursuant to Sworn Statements.
26. Defendant knew that his conduct was improper, or otherwise disregarded a substantial and unjustifiable risk that his conduct would turn out to violate his statutory fiduciary duty under the MBTA.
27. As a result of the foregoing, Defendant deprived Slagle of the protections offered by the MBTFA.
28. As a proximate cause of Defendant's willful and unlawful conversion and/or retention of said funds, Slagle has incurred substantial and continuing damage, expense and loss, including increased costs to complete the project, paying double for the same improvement to avoid or pay off construction liens, interest, costs, attorney fees and other damages that flow naturally from Defendant's breach of his fiduciary duties.
29. A trust created under the MBTFA satisfies the requirements for a trust under § 523(a)(4) of the Bankruptcy Code.
30. Defendant's actions in violation of the MBTFA make the subject debt non-dischargeable pursuant to § 523(a)(4) of the Bankruptcy Code.
31. In addition, pursuant to § 523(a)(4) of the Bankruptcy Code, a defalcation occurs when a debtor fails to properly account for funds held in trust, as is the case here.

WHEREFORE, Plaintiff Matthew Slagle respectfully requests this Honorable Court:

A. Determine that Defendant has violated the Michigan Builders Trust Fund Act.

B. Determine that Plaintiff Matthew Slagle's claim of $120,431.93, plus costs, interest, and attorney fees, be deemed non-dischargeable pursuant to § 523(a)(4) of the Bankruptcy Code and enter judgment accordingly; and

C. Award additional relief as justice may require.

Dated: March 12, 2021

Baar & Lichterman, PLLC

By: /s/ Joel Baar
Joel W. Baar (P56796)

3140 Division Ave SW
Grandville MI 49418
Phone: (616) 965-2221
joel@baarlegal.com

Attorneys for Plaintiff